## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD LAQUER**, Individually, and as Class of Representative of all similarly situated citizens who transacted business with **THE PRICELINE GROUP INC.**, | |
| Plaintiff, | |
| v. | Case No. CIV-16-15-HE |
| **THE PRICELINE GROUP INC.**, | |
| Defendant. | |

## C O M P L A I N T

Plaintiff, Richard Laquer, Individually, and as Class of Representative of a putative class of similarly situated individuals who transacted business with Defendant, The Priceline Group Inc., (hereinafter "Priceline Group"), for his claim states:

### PARTIES

1.     Plaintiff, Richard, Laquer, is a citizen of Oklahoma.

2.     Defendant, Priceline Group, is a publicly-traded Delaware corporation and has its principal place of business in Norwalk, Connecticut.

### JURISDICTION AND VENUE

3.     Complete diversity exists between Plaintiff and Defendant.

4.     The amount in controversy, exclusive of costs and interest, exceeds $5,000,000.

5.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332.

1

6.      Venue in this District is proper pursuant to 28 U.S.C. §1391 as it is the location of

a substantial part of the events giving rise to this lawsuit.

## STATEMENT OF THE CASE

7.      Priceline Group is the self-proclaimed leader in online travel and related services.

In its 2014 annual report, Priceline Group stated:

> We are a leading provider of online travel and travel related
> reservation and search services. Through our online travel
> agent ("OTA") services, we connect consumers wishing to
> make travel reservations with providers of travel services
> around the world. We offer consumers accommodation
> reservations (including hotels, bed and breakfasts, hostels,
> apartments, vacation rentals and other properties) through our
> Booking.com, priceline.com and agoda.com brands. Our
> priceline.com brand also offers consumers reservations for
> rental cars, airline tickets, vacation packages and cruises. We
> offer rental car reservations worldwide through
> rentalcars.com. We also allow consumers to easily compare
> airline ticket, hotel reservation and rental car reservation
> information from hundreds of travel websites at once through
> KAYAK. We recently acquired OpenTable, a leading
> provider of online restaurant reservations. We believe that the
> online restaurant reservation business is complementary to
> our online travel businesses, and that both OpenTable and our
> travel businesses will benefit from adding OpenTable to The
> Priceline Group. We refer to our company and all of our
> subsidiaries and brands, including Booking.com,
> priceline.com, KAYAK, agoda.com, rentalcars.com and, as of
> July 24, 2014, OpenTable, collectively as "The Priceline
> Group," the "Company," "we," "our" or "us."

8.      Priceline Group is the owner and operator of www.priceline.com – an internet

website catering to travelers.  Priceline.com is a clearing house for discount travel

options, including hotels, airfare and rental cars.  During an online interaction, a

visitor to priceline.com makes a monetary offer to rent a vehicle, rent a hotel room

or purchase air travel on a certain day, at a certain location, for a certain price. Priceline Group then submits the visitor's offer to various rental car companies, hotels and airlines at the designated location and, if accepted by the company, Priceline Group confirms the rental or purchase price, charges the visitor the charges for the rental or airfare, and also charges the visitor all "Taxes and Fees" associated with the rental or purchase.

9.      Priceline Group describes priceline.com as follows:

> Priceline.com offers online travel reservation services primarily in the United States and is headquartered in Norwalk, Connecticut. Through priceline.com, we offer consumers hotel, rental car and airline ticket reservations services, as well as vacation packages and cruises. Priceline.com is a leader in the "opaque" travel reservation business through its pioneering Name Your Own Price and Express Deals hotel, rental car and airline reservation services. We describe our Name Your Own Price and Express Deals travel services as "opaque" because certain elements of the service, including the identity of the travel service provider, are not disclosed to the consumer prior to making a reservation. Reservations made through priceline.com's opaque services are subject to various restrictions, depending on the type of reservation, such as being nonrefundable, not being eligible for frequent flyer or award program points and, in the case of airline tickets, requiring flexibility with respect to travel times and stops. We believe that the combination of priceline.com's retail and opaque models allows it to provide a broad array of options to value-conscious consumers.

(Priceline Group 2014 Annual Report, http://files.shareholder.com/downloads/PCLN/1116027999x0xS1075531-15-7/1075531/filing.pdf accessed January 4, 2015.)

10.     Priceline Group describes the Name Your Own Price process as follows:

> With Priceline's Name Your Own Price service, you can save up to 40% on your rental car reservation!

Using Priceline's Name Your Own Price service is fast and easy - here's how!

Enter your pick-up location, travel dates, and times on the home page and view the available published rates.

From there, select one of the Name Your Own Price links. Enter your desired car type and bid price to save up to 40% over published rental car prices!

If we find a rental car at your price, we'll immediately lock in your rate and charge the form of payment you provide for the full amount of the rental including applicable Taxes and Fees.

If one of our major rental car partners accepts your price, your receipt and full itinerary will be right there for you to print. You will also receive a confirmation email once your reservation is booked. If your reservation is not accepted, we've made it easy for you to try your request again.

The rental car companies only allow Priceline.com customers to make one offer for the same itinerary (same pick-up and drop-off dates, location and car type) in any one 24 hour period. If your offer is not accepted the first time, you'll have to change some of the details of your trip in order to try again right away.

(http://www.priceline.com/help/#/faq/13552 accessed January 4, 2016.)

11.    On June 2, 2015, Plaintiff, Richard Laquer, accessed priceline.com and submitted a Name Your Own Price offer of $35.00 to rent a motor vehicle in San Francisco, California, on June 7, 2015.

12.    The vehicle rental transaction was assigned "Priceline Trip Number" 184-751-183-76.

13. The vehicle rental transaction resulted in a reservation for Richard Laquer to rent a "Full Size Car – Ford Fusion or similar" – from Hertz at the San Francisco International Airport on June 7, 2015.

14. The vehicle rental transaction resulted in a charge to Richard Laquer's MasterCard on June 2, 2015, for $54.05.  The charge to the MasterCard was $35.00 for the daily vehicle rental fee and $19.05 for "Taxes & Fees."

15. On June 7, 2015, Richard Laquer did not pick up the vehicle from Hertz at the San Francisco International Airport.

16. Neither Priceline Group nor Hertz refunded any portion of the rental charges to Richard Laquer, including the $19.05 charge for "Taxes and Fees."

17. Neither Priceline Group nor Hertz paid the State of California, or any other local, state or Federal taxing authority the $19.05 it charged Richard Laquer for "Taxes and Fees" associated with his transaction on www.priceline.com.

## CLASS CERTIFICATION

18. The putative class in this case is composed of thousands of customers of Priceline Group who reserved and paid for motor vehicles, hotels or air travel online through the Name Your Price option – and other nonrefundable reservation options – and did not use the reservation.  Despite the fact the vehicle was not picked up, the hotel room was not occupied or the airfare was not used, Priceline Group failed to return to Plaintiff and the putative class members the "Taxes and Fees" associated with the transactions.

19.    The number of individuals who were charged "Taxes & Fees" for a vehicle rental that did not occur, rental for a hotel room that was not used or purchased air travel that was not used, are so numerous that joinder of all claims of all members is impracticable. A Class Action, therefore, would be the superior method of processing these numerous claims from the standpoint of judicial economy, expense and convenience of the parties.

20.    Priceline Group's policy of charging "Taxes & Fees" for vehicle and hotel rentals, as well as air travel that did not occur, is common to Plaintiff as Class Representative and all putative class members.  Consequently, common questions of law and fact will predominate in all claims.

21.    The claims of Plaintiff as Class Representative and Priceline Group's defense of those claims are typical of the claims to be advanced by members of the putative class and Priceline Group's defenses thereto.

22.    Plaintiff, as Class Representative, will adequately represent the interests of the putative class and of each of its members.

23.    The prosecution of separate actions by or against putative members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the putative class which would establish incompatible standards of conduct for Priceline.

24.    Priceline has acted or refused to act on grounds generally applicable to the putative class thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the putative class as a whole practical and preferable.

25.     Common questions of law or fact to the members of the putative class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.     Plaintiff, as Class Representative, and the putative class, therefore, meet all requirements of FED. R. CIV. P. 23 and this action is appropriate for certification as a Class Action.

## COUNT I:

### *NEGLIGENCE PER SE*

27.     Priceline Group, in charging "Taxes and Fees" for a rental or purchase transactions that did not complete, violated various local, state and Federal laws regarding the charge and collection of taxes.

28.     Priceline Group's violation of the local, state and Federal laws directly resulted in injuries to Plaintiff and the putative class rendering Priceline Group negligent for its conduct.

29.     For example, at all times material to the events giving rise to this lawsuit, the State of California had in force and effect a statute that states:

> The tax required to be collected by the retailer and any amount unreturned to the customer which is not tax but was collected from the customer under the representation by the retailer that it was tax constitutes debts owed by the retailer to this state.

California Rev. & Tax Code § 6204.

30. Priceline Group did not return Plaintiff's tax payment and did not pay the tax receipt to the State of California.

## COUNT II:

## UNJUST ENRICHMENT

31. Priceline Group has been unjustly enriched by the charge and collection of "Taxes & Fees" for vehicle rentals that did not occur.

32. Priceline Group should disgorge the sum total of all "Taxes & Fees" received for Plaintiff's vehicle rental that did not occur, as well as the "Taxes and Fees" received from the vehicle rentals, hotel rentals and airfare purchased by putative class members that did not occur.

## COUNT III:

## FALSE REPRESENTATION

33. Priceline Group made the material representation that "Taxes and Fees" were being charged to Plaintiff because they were owed to various Federal, state and local taxing authorities.

34. Priceline Group made the material representation that the "Taxes and Fees" it charged Plaintiff would be paid to various Federal, state and local taxing authorities.

35. The representations made by Priceline Group were that which Plaintiff, the putative class members, and a reasonably careful person under the circumstances would attach importance to in determining their course of action.

8

36.   Priceline Group knew when these representations were made, or made them as a positive assertion recklessly, that it would not pay the "Taxes and Fees" it collected from Plaintiff and the putative class members to the various Federal, state and local taxing authorities in the event the rental or purchase was not completed.

37.   Priceline Group made the representations with the intention that they would be acted upon by Plaintiff and the putative class members.

38.   Plaintiff and the putative class members acted in reliance upon the representations and agreed to pay the "Taxes and Fees" to Priceline Group with the understanding the "Taxes and Fees" were required to be paid and would be paid to various Federal, state and local taxing authorities by Priceline Group.

39.   The "Taxes and Fees" paid by Plaintiff and the putative class members to Priceline Group were not actually paid to the various Federal, state and local taxing authorities and, therefore, Plaintiff and the putative class members suffered damages as set forth below.

## COUNT IV:

## INJUNCTION

40.   Priceline should be enjoined by this Court from charging or retaining charges for "Taxes & Fees" for vehicle and hotel rentals, as well as airfare that was not used.

## DAMAGES

41.     Plaintiff requests judgment in his favor and against Priceline Group and that the

Court award him and the putative class the following damages which total in

excess of $5,000,000:

a.      Actual and consequential damages as a result of the conduct initiated by

Priceline as described above;

b.      Punitive damages as a result of Priceline's breach of good faith and fair

dealing with Plaintiff and all putative class members;

c.       Disgorgement of all "Taxes & Fees" charged and collected by Priceline

Group for vehicle and hotel rentals, as well as airfare that was not used;

d.      An injunction enjoining Priceline Group from charging and collecting any

future "Taxes & Fees" unless the vehicle and hotel rental, as well as airfare

transaction is completed;

e.      Pre-judgment interest;

f.      Reasonable attorneys' fees;

g.      All costs allowed by statute; and,

h.      All other relief the Court deems just and equitable.

## PUNITIVE DAMAGES

42.     Priceline Group's conduct was unreasonable, unconscionable, reckless and done

intentionally with malice toward Plaintiff and the putative class members for

which Plaintiff and the putative class members seek exemplary damages from

Priceline Group in excess of $75,000.00.

43.    Priceline Group provided the following description of its financial position as of

December 31, 2014:

> For the year ended December 31, 2014, we had gross profit of
> approximately $7.6 billion comprised of "agency" gross
> profit, "merchant" gross profit, and "other" gross profit.
> Agency gross profit is derived from travel related transactions
> where we are not the merchant of record and where the prices
> of the travel services reserved through our websites are
> determined by third parties. Agency gross profit, which
> represented the substantial majority of our total gross profit in
> 2014, consists primarily of: (1) travel commissions earned
> from reservations at Booking.com, priceline.com and
> rentalcars.com; (2) GDS reservation booking fees related to
> certain of the agency services listed above; and (3) processing
> fees. Merchant gross profit is derived from transactions where
> we are the merchant of record and therefore charge the
> consumer's credit card for the travel services provided, and
> consists of: (1) transaction gross profit representing the
> amount charged to a consumer, less the amount charged to us
> by travel service providers in connection with (a) the
> accommodation reservations provided through our merchant
> accommodation reservation service at agoda.com and
> priceline.com and (b) the reservations provided through our
> merchant rental car service at rentalcars.com and Express
> Deals service at priceline.com; (2) transaction gross profit
> representing revenue charged to a consumer less the cost of
> revenue amount charged to us by travel service providers in
> connection with the reservations provided through our Name
> Your Own Price and vacation package reservation services;
> (3) processing fees charged in connection with our
> priceline.com merchant reservation services; and (4) ancillary
> fees, including GDS reservation booking fees related to
> certain of the services listed above. Advertising and other
> revenues are derived primarily from (1) revenues earned by
> KAYAK for sending referrals to OTAs and travel service
> providers; (2) advertising placements on KAYAK's websites
> and mobile apps; (3) reservation revenues earned by
> OpenTable (a fee for each restaurant guest seated through
> OpenTable's online reservation service); and (4) subscription
> fees earned by OpenTable for reservation management
> services. Revenues from KAYAK are net of intercompany

revenues earned from other Priceline Group brands. See Note
2 to our Consolidated Financial Statements for more
information.

WHEREFORE, Plaintiff prays judgment against Priceline Group in an amount in

excess of $5,000,000, plus costs, interest, attorneys' fees and any other relief the Court

deems equitable and just.

Respectfully submitted,


_____s/ Darren M. Tawwater_____
Larry A. Tawwater, OBA No. 8852
Darren M. Tawwater, OBA No. 18854
**THE TAWWATER LAW FIRM, P.L.L.C.**
One Tsquared Place
14001 Quail Springs Parkway
Oklahoma City, Oklahoma  73134
Telephone:   (405) 607-1400
Facsimile:   (405) 607-1450
Email:        lat@tawlaw.com
                dtaw@tawlaw.com
**ATTORNEYS FOR PLAINTIFF AND
PUTATIVE CLASS**


**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**